[Cite as *State v. Hackworth*, 2013-Ohio-3566.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     12CA0043 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DIXIE HACKWORTH | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellee | | CASE No.     TRC-12-01-00725 |

DECISION AND JOURNAL ENTRY

Dated: August 19, 2013

BELFANCE, Judge.

**{¶1}** The State appeals the decision of the Wayne County Municipal Court granting Dixie Hackworth's motion to suppress. For the reasons set forth below, we reverse and remand.

I.

**{¶2}** On January 28, 2012, Sergeant Robert Gable of the State Highway Patrol stopped the vehicle being driven by Ms. Hackworth. Based on his observations, Ms. Hackworth was charged with operating a vehicle while intoxicated. Ms. Hackworth filed a motion to suppress, arguing that Sergeant Gable lacked reasonable, articulable suspicion to initiate the stop.[1] A hearing was held before a magistrate, who issued a decision denying Ms. Hackworth's suppression motion. Ms. Hackworth objected to the magistrate's decision, arguing that Sergeant Gable lacked reasonable articulable suspicion to stop her. The trial court sustained her objection

---

[1] Ms. Hackworth made many arguments in her motion. However, they are not pertinent to this appeal because the trial court did not reach them, determining that its conclusion that Sergeant Gable lacked reasonable, articulable suspicion to stop her was dispositive.

and granted her motion to suppress. The State has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING HACKWORTH'S MOTION TO SUPPRESS ON THE BASIS THAT THE TRAFFIC STOP WAS ILLEGAL AND THERE WAS NO REASONABLE SUSPICION OF CRIMINAL ACTIVITY.

{¶3} The State argues that the trial court erred in granting Ms. Hackworth's motion to suppress because Sergeant Gable had reasonable, articulable suspicion to initiate the stop.

{¶4} The Supreme Court of Ohio has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003–Ohio–5372, ¶ 8. A traffic stop is constitutionally valid if probable cause exists. *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996), syllabus. In addition, traffic stops can be constitutionally valid if "an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7. Whether reasonable, articulable suspicion exists is determined by the totality of the circumstances. *Id. See also United States v. Arvizu*, 534 U.S. 266, 273 (2002).

{¶5} The dashcam video in this case shows a two-lane country road with a center line that would become a hashed line to allow for passing. Sergeant Gable testified that Ms.

Hackworth had crossed the yellow line marking the edge of her lane and onto the yellow line marking the lane for the oncoming traffic. However, the trial court found that this testimony was inconsistent with Sergeant Gable's spontaneous statements on the dashcam, which it determined indicated that Ms. Hackworth had merely driven on the line marking the edge of her lane and not onto the line marking the edge of the lane for oncoming traffic. The court also found that Ms. Hackworth properly used her turn signals on three separate occasions during the video and that the video shows gradual drifting consistent with normal driving patterns. It ultimately determined that, "given the inconsistencies between the Trooper's testimony and the dash cam video and audio, there is no finding of a minor traffic violation sufficient to justify the stop."

{¶6} In other words, the trial court appears to have found that no probable cause existed to justify the stop. The trial court also observed that "[r]easonable suspicion for the stop did not exist given the inconsistencies between the Trooper's testimony and the recording of the stop on the dash cam video." However, it appears from its judgment entry that it came to this conclusion based upon consideration of whether any specific traffic violation actually occurred rather than examination of the totality of the circumstances, which is the correct standard for assessing the existence of reasonable, articulable suspicion. *Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, at ¶ 7. Thus, even though it may have determined that probable cause for the stop did not exist, it is unclear whether the trial court properly considered the totality of the circumstances with respect to assessing whether reasonable, articulable suspicion that would justify the stop existed. Therefore, it is appropriate for this Court to reverse the trial court's judgment, and remand the matter so that the trial court, in the first instance, may consider the

totality of the circumstances in determining the presence or absence of reasonable, articulable suspicion.[2]

### III.

**{¶7}** The judgment of the Wayne County Municipal Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

---

[2] The State argues that the officer had probable cause to stop Ms. Hackworth because she violated R.C. 4511.33(A)(1) by failing to drive within her lane. However, this question is not ripe for review at this time.

MOORE, P. J.
HENSAL. J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

DAVID C. KNOWLTON, Attorney at Law, for Appellee.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellant.